# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-159V
### Filed: July 5, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RICHARD WATKINS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza ("Flu") Vaccination; |
| | * | Shoulder Injury Related to Vaccine; |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU) |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 2, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury as a result of his October 14, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 15, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On July 5, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $60,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $60,000.00 in the form of a check payable to petitioner, Richard Watkins.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

RICHARD WATKINS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 16-159V
Chief Special Master Nora Beth Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 13, 2016, respondent filed her Rule 4(c) Report, in which she recommended

that the Court find petitioner entitled to compensation, and on April 15, 2015, the Court entered

its Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers

that petitioner receive an award of a lump sum of **$60,000.00** in the form of a check payable to

petitioner. This amount represents compensation for all elements of compensation under 42

U.S.C. § 300aa-15(a) to which petitioner is entitled.[1]

Petitioner agrees with the proffered award of $60,000.00.[2]

                                 Respectfully submitted,

                                 BENJAMIN C. MIZER
                                 Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

1

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: July 5, 2016